Beaver, J.,
dissenting:
It is very clear that if this were an action founded upon the policy of insurance by the owner of the legal title there could be no recovery. The case, however, as it is presented, is not an action upon the policy of insurance. It is, as shown in the plaintiff’s statement, a contract between the plaintiff and the defendant.in and by which "the defendant agreed to issue such policy insuring plaintiff against all direct loss or damage by fire to an amount not exceeding $1,500, to the said house, plaintiff agreeing to pay a premium of seven arid 50-100 dollars to defendant for such policy,” the policy having been issued in pursuance of this contract. The action is brought *38 not'by the owner of the legal title, but by.a mechanic’s lien creditor, who admittedly had an insurable interest, to recover under the agreement of the defendant that a policy insuring the interest which he had, should be issued to him, and the assurance that the policy issued protected its interest. As stated in the opinion of this court, “ the lumber company paid the premiums and the agents were inforiyied that the insurance was effected to protect its interest.” This was not true; as a matter of fact it did not protect its interest, because the policy was issued in the name of the owner of the legal title, and contained a clause that if there was a change of title the policy was to be void, and the owner of the legal title was declared bankrupt upon the very day the policy became effective. The plaintiff, therefore, under the ruling of this court never had any insurance for a single day.
To this extent, therefore, there was misrepresentation on the part of the defendant in the issuing of the policy, even admitting that nothing whatever was said upon the subject. So far as appears by the testimony, neither the plaintiff nor the defendant knew of the impending bankruptcy of the owner of the legal title. I assume that if under the facts as they appear in this case the plaintiff had made application to a court of equity before the bankruptcy of the owner of the legal title for reformation of the policy so as to conform to the contract which it had made with the insurance company, as he alleges, and as I think the proof is sufficient to warrant, it would undoubtedly have been reformed so as to conform to the contract, and to this doubtless the defendant itself would have assented. And so after the change of title a like application would have been accorded a like result. If this is true, and the contract would have been reformed before the fire I cannot see why equity ’ should not interfere to estop the defendant from setting up the defense which prevails here after the fire. The point at which I diverge from the court is that at which it is assumed that the 'policy of insurance is the contract between the parties and con- ’ struing it accordingly. As I view thé case the policy never was the contract: It was for a jury to say under the evidence • whether or not there was misrepresentation as to the effect of *39 thé policy, or a mutual mistake, and if there was the defendant was estopped from setting up the change of title clause which was good against the holder of the legal title, but was not good against the plaintiff, although I admit it could have been invoked against it if the interest actually insured had been changed or transferred.
The defendant took the money of the plaintiff, and placed-it in its treasury, and still has it there under a contract, if the plaintiff’s statement of claim is correct, and if, as I believe, the facts would warrant an inference which a jury could draw therefrom, to insure his interest in this property with the assurance that the policy effected this result. But it did not do so notwithstanding its allegation to the contrary, not for a single day. To hold that the defendant can do this works unrighteousness. The law is sometimes compelled to do this in order to be consistent with itself, but never when in the orderly administration of justice, equity can open a door of escape. Believing that equity can and ought to open such a door in this case, I am compelled respectfully to dissent from the conclusion expressed in the judgment of the court.